MEMORANDUM
 

 ROBERTSON, District Judge.
 

 Plaintiffs Taryn and Nicholas Dodd and Doris Wilkins bring this action against George Asmuth and Phuong (Christina) Nguyen, stockholders of Infinity Travel.
 
 [1]
 
 Plaintiffs allege that defendants — in coordination with Phong (Kim) Nguyen, President and General Manager of Infinity Travel — formed a RICO conspiracy that resulted in plaintiffs’ loss of approximately $50,000.
 
 [2]
 
 Defendants move to dismiss for failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act (“RICO”). The complaint was amended in response to defendant’s motion to dismiss, but it remains fatally defective. The motion to dismiss must accordingly be granted.
 

 FACTS
 

 Plaintiffs allege that on various occasions over a two-and-one-half-month peri
 
 *116
 
 od, they were solicited by Kim Nguyen to “invest in purchasing airline tickets in bulk for resale” by Infinity Travel to groups traveling to the South Pacific. Amended Complaint at 3. Lured by guarantees that they would receive a 15%^f0% return on their investments within four months, the Dodds and Ms. Wilkins agreed to purchase the tickets, and, at the request of Kim Nguyen, drew checks payable to Kim Nguyen for $20,800 and $16,000.
 
 [3]
 

 Plaintiffs further allege that Kim Nguyen and the defendants never purchased the airline tickets, and that they never intended to purchase them. Instead, plaintiffs allege, they “fraudulently retain[ed] and transferr[ed] said illegally obtained funds through their enterprise, Infinity Travel, to its stockholders, George W. Asmuth and Phuong H. (Christina) Nguyen.” Amended Complaint at 7. They allegedly conspired and agreed that all funds obtained were to be designated as personal loans to Kim Nguyen and/or Infinity Travel, and, when they had accumulated (and disbursed to defendants) as much money as they could, Kim Nguyen and/or Infinity Travel would file for bankruptcy. Plaintiffs argue that this conspiracy between Kim Nguyen and defendants to commit mail, wire, and bankruptcy fraud was a pattern of racketeering activity in violation of 18 U.S.C. § 1962(a), (c), and (d).
 

 ANALYSIS
 

 Defendants move to dismiss, asserting that the complaint fails to allege (1) the special injury required by section 1962(a); (2) a pattern of racketeering activity under section 1962(c); (3) predicate acts per-’ formed by the named defendants; (4) a cognizable enterprise; and (5) enough facts to support the claim of fraud necessary to a RICO conspiracy. At least with respect to the first four of these assertions, defendants are correct.
 

 Special Injury
 

 “The civil remedy created by § 1964(c) authorizes recovery only for injury ‘by reason of the RICO violation.... [A] plaintiff claiming under § 1962(a) must plead and prove that his injury flowed from the defendant’s use or investment of racketeering income,”
 
 Danielsen v. Burnside-Ott Aviation Training Ctr., Inc.,
 
 941 F.2d 1220, 1229 (D.C.Cir.1991). “It is not sufficient to allege injury flowing from the predicate acts of racketeering.”
 
 Id.
 

 The inquiry of which plaintiffs complain is the loss of monies they paid to Kim Nguyen in response to her telephone calls, which are the alleged predicate acts. The claimed injury thus flows directly from the predicate acts. The Amended Complaint does not complain of injury resulting from the alleged racketeering activity or that racketeering proceeds were used or invested in an enterprise or activity separate and apart from the underlying racketeering activity. That failure is fatal to plaintiffs’ claim.
 

 Pattern of Racketeering Activity
 

 A pattern of racketeering activity is “a series of related predicates
 
 extending over a substantial period of time....
 
 Predicate acts
 
 extending over a few weeks or months
 
 and threatening no future criminal conduct
 
 do not satisfy this requirement.” Pyramid Sec. Ltd. v. International Bank,
 
 726 F.Supp. 1377; 1382 (D.D.C.1989) (emphasis in original) (quoting
 
 H.J. Inc. v. Northwestern Bell Telephone Co.,
 
 492 U.S. 229, 242, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). The predicate acts here alleged — three telephone calls by Kim Nguyen over a two-and-one-half-month period — do not establish a continuous pattern of racketeering activity.
 
 See, e.g., Zand
 
 
 *117
 

 ford v. NASD,
 
 19 F.Supp.2d 4, 11 (D.D.C. 1998) (dismissing RICO claim alleging six predicate acts over a six-year period);
 
 Wiggins v. Equifax Servs., Inc.,
 
 848 F.Supp. 213, 227 (D.D.C.1993) (dismissing claim alleging three predicate acts over “a brief period of time”);
 
 Pyramid Sec. Ltd. v. International Bank,
 
 726 F.Supp. 1377, 1382 (D.D.C.1989) (dismissing claim alleging predicate acts over a two-month period);
 
 Long Distance Serv. v. MCI Telecommunications Corp.,
 
 692 F.Supp. 1402, 1406 (D.D.C.1988) (dismissing claim in which “the number ... of predicate acts are fairly small and the length of time over which they occurred is fairly short”).
 

 Nor have plaintiffs alleged facts that could establish that Kim Nguyen’s past conduct poses a threat of future criminal conduct under a so-called “open-ended continuity model.”
 
 [4]
 
 Infinity Travel, the alleged enterprise, has ended all operations and is in bankruptcy. Plaintiffs’ speculative argument — that although defendants’ conduct consisted of only three telephone phone calls over a two-and-one-half-month period, there is no guarantee that they will not continue their behavior into the future — has been rejected by the Court of Appeals.
 
 See Edmondson & Gallagher v. Alban Towers Tenants Assn.,
 
 48 F.3d 1260, 1264 (D.C.Cir.1995).
 
 Predicate Acts
 

 A viable RICO based on allegations of wire and mail fraud must allege that each defendant participated in at least two acts of wire or mail fraud.
 
 See Dooley v. United Technologies Corp.,
 
 803 F.Supp. 428, 440 (D.D.C.1992);
 
 First Interregional Advisors Corp. v. Wolff,
 
 956 F.Supp. 480, 485 (S.D.N.Y.1997). It was Kim Nguyen, and not either of the defendants, who made the telephone calls soliciting plaintiffs’ investment. Plaintiffs are thus reduced to arguing (1) that these defendants should be held vicariously liable for the predicate acts committed by their agent (Kim Nguyen) in furtherance of the conspiracy, or (2) that RICO civil liability will lie against an aider and abettor (defendants) of one who commits two predicate acts (Kim Nguyen).
 

 Neither theory succeeds. The Amended Complaint does not allege that Kim Nguyen was the defendants’ agent, or that defendants had any role in making the telephone calls. It does not allege facts that would amount to knowing and substantial assistance to the principal violation. Plaintiffs cannot impose liability on the husband and daughter of the putative wrongdoer on the basis of nothing more than a familial relationship.
 
 See Lust v. Burke,
 
 876 F.Supp. 1474, 1482 (D.Md. 1994).
 

 Cognizable Enterprise
 

 Setting aside plaintiffs’ own uncertainty concerning what entities constitute the alleged enterprise,
 
 [5]
 
 their failure to plead facts identifying the common purpose and organizational and decisionmaking structure of the alleged enterprise is fatal to their claim.
 
 See United States v. White,
 
 116 F.3d 903, 924 (D.C.Cir.1997) (quoting
 
 United States v. Perholtz,
 
 842 F.2d 343, 362 (D.C.Cir.1988)).
 

 An appropriate order accompanies this memorandum.
 

 
 *118
 

 ORDER
 

 Upon consideration of defendants’ motion to dismiss, it appearing that plaintiffs Amended Complaint fails to state a claim upon which relief can be granted, it is this 80th day of March 2000,
 

 ORDERED that defendant’s motion [# 7-1] is granted.
 

 [1]
 

 . George Asmuth is Kim Nguyen's husband and Christina Nguyen is Kim Nguyen’s daughter.
 

 [2]
 

 . On January 28, 1999, Kim Nguyen, who is not a party to this lawsuit, filed for personal bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia.
 

 [3]
 

 . Kim Nguyen allegedly requested that the plaintiffs make their checks payable to her "so that she could intermingle the funds with her own and that of Infinity Travel and/or George W. Asmuth and/or Phuong H. (Christina) Nguyen so as to allow them to purchase as many tickets as possible at the discounted wholesale block price.” Amended Complaint at 4.
 

 [4]
 

 . The Supreme Court has recognized two methods for demonstrating continuity: "[cjontinuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.”
 
 H.J. Inc. v. Northwestern Bell Tel. Co.,
 
 492 U.S. 229, 240-43, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).
 

 [5]
 

 . In one section of their Amended Complaint, plaintiffs identified the enterprise as consisting of "Infinity Travel, George W. As-muth, and Phuong H. (Christina) Nguyen,” Amended Complaint at 7-8,; 1Í 36; in another section, and at the motions hearing, they identified the enterprise as consisting only of "Infinity Travel,” Amended Complaint at 2, H 3;
 
 See
 
 Transcript of Motions Hearing (March 15, 2000) at 13.